UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6175-CR-ZLOCH (s)
18 U.S.C. § 371
18 U.S.C. § 513(a)
18 U.S.C. § 1344
18 U.S.C. § 2

UNITED STATES OF AMERICA,

v.

KEN M. RICHARDS,
JUDY MARQUIS, ·
PEGGY MEJIA,
DAVID HILL,
   a/k/a, "Miguel Ponce,"
ELIZABETH MAXIME,
MESCAL SMITH,
WALTER VERRA,
and
KELSA VIALVA

        Defendants.
_____/



## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

1.    From on or about December 11, 1998, through in or about, December, 1999, the exact

dates being unknown to the Grand Jury, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

**KEN M. RICHARDS,**
**JUDY MARQUIS,**



**PEGGY MEJIA,**
**DAVID HILL,**
**a/k/a, "Miguel Ponce,"**
**ELIZABETH MAXIME,**
**MESCAL SMITH,**
**WALTER VERRA,**
**and**
**KELSA VIALVA,**

did knowingly and willfully, combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, namely:

(a) Bank Fraud, in violation of Title 18, United States Code, Sections 1344 and 2; and

(b) the making, uttering and possession of counterfeited securities of an organization, in violation of Title 18, United States Code, Sections 513(a), and 2.

## GENERAL ALLEGATION

At all times material to this Indictment:

2.    Bank of America, f/k/a NationsBank, was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, had branches in Broward County and throughout the Southern District of Florida, and was an organization which operated in and the activities of which affected interstate commerce.

3.    First Union National Bank was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, had branches in Broward County and throughout the Southern District of Florida, and was an organization which operated in and the activities of which affected interstate commerce.

## OBJECT OF THE CONSPIRACY

4.    It was the object of the conspiracy that the defendants would unlawfully enrich themselves by making, uttering and possessing counterfeited securities, that is, counterfeit corporate

2

checks, and then negotiating these counterfeited corporate checks at various Bank of America, f/k/a NationsBank and First Union National Bank branches located in Broward and Dade Counties, in the Southern District of Florida.

## MANNER AND MEANS

The manner and means by which the defendants sought to accomplish the object of the conspiracy included the following:

5.    It was part of the of the conspiracy that KEN M. RICHARDS, would, through the use of his computer, scanner, printer and blank check stock, manufacture and cause to be manufactured, counterfeited corporate checks of various corporate accounts, including the accounts of: Martin Luther King Elementary School (hereinafter, "MLK Elementary"); Hamelin Industries; Shands Hospital; Tyson; Accurate Event Services; AmerenUE; FHM Insurance Company; Foster Poultry Farms; Southern Atlantic Service Corporation; Nations Credit; Hallmark Press; Okaloosa School Board; Dallas Public Schools; and Florida Prepaid College Program.

6.    It was further part of the conspiracy that KEN M. RICHARDS would obtain the corporation's account information, including its name, address, account number and legitimate authorized signature, in order to manufacture and cause to be manufactured, the counterfeit corporate checks.

7.    It was further part of the conspiracy that KEN M. RICHARDS would recruit individuals, commonly known as "runners," to go to Bank of America, f/k/a NationsBank and First Union National Bank for the purpose of negotiating the counterfeited checks. KEN M. RICHARDS would make the checks payable to the runners either in their real names or under an assumed name.

3

8.    It was further part of the conspiracy that JUDY MARQUIS, PEGGY MEJIA, DAVID HILL, a/k/a, "Miguel Ponce," ELIZABETH MAXIME, MESCAL SMITH, WALTER VERRA, and KELSA VIALVA were runners for KEN M. RICHARDS.

9.    It was further part of the conspiracy that the runners would go to Bank of America f/k/a NationsBank and First Union National Bank, for the purpose of negotiating counterfeit checks. Upon completion of the transactions, the runners would give KEN M. RICHARDS the proceeds of the negotiated checks.

10.    It was further part of the conspiracy that KEN M. RICHARDS would pay the runners for their check cashing services.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object thereof, at least one of the coconspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

11.    On varying dates, between on or about December 11, 1998, and in or about December, 1999, one or more of the coconspirators made, uttered, and possessed counterfeit corporate checks as alleged in Counts 2 through 66, which are re-alleged and incorporated as though fully set forth herein and presented these checks for payment at Bank of America, f/k/a NationsBank and First Union National Bank.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 66

12.    The general allegations contained in paragraphs 2 through 10 of Count 1 are re-alleged and incorporated as though fully set forth herein.

4

13.    On or about the dates set forth below, at Broward and Dade Counties, in the Southern District of Florida, the defendants, as individually charged below, did knowingly, make, utter and possess counterfeited securities of an organization, that is, checks of and drawn on Bank of America, f/k/a NationsBank and First Union National Bank, with intent to deceive another person and organization, that is Bank of America, f/k/a NationsBank and First Union National Bank, organizations which operated in and the activities of which affected interstate commerce, on which organizations the following checks were drawn from the accounts and in the amounts as described and set forth below:

| Count | Date | Account/Check# | Amount Payee | Defendants |
|-------|------|----------------|--------------|------------|
| 2 | 07/30/99 | MLK ELEMENTARY/865 | $812.57 MARQUIS | MARQUIS |
|   |          |                    |                | RICHARDS |
| 3 | 07/30/99 | MLK ELEMENTARY/866 | $846.72 MARQUIS | MARQUIS |
|   |          |                    |                | RICHARDS |
| 4 | 07/30/99 | MLK ELEMENTARY/868 | $834.37 MARQUIS | MARQUIS |
|   |          |                    |                | RICHARDS |
| 5 | 07/30/99 | MLK ELEMENTARY/883 | $792.87 MARQUIS | MARQUIS |
|   |          |                    |                | RICHARDS |
| 6 | 09/15/99 | HAMELIN INDUSTRIES/30411 | $480.62 MARQUIS | MARQUIS |
|   |          |                    |                | RICHARDS |
| 7 | 09/15/99 | HAMELIN INDUSTRIES/30413 | $465.62 MARQUIS | MARQUIS |
|   |          |                    |                | RICHARDS |
| 8 | 09/15/99 | HAMELIN INDUSTRIES/30420 | $465.62 MARQUIS | MARQUIS |
|   |          |                    |                | RICHARDS |

| Count | Date | Account/Check# | Amount | Payee | Defendants |
|-------|------|----------------|--------|-------|------------|
| 9 | 09/15/99 | HAMELIN INDUSTRIES/30422 | $465.62 | MARQUIS | MARQUIS |
| | | | | | RICHARDS |
| 10 | 09/15/99 | HAMELIN INDUSTRIES/30453 | $465.62 | MARQUIS | MARQUIS |
| | | | | | RICHARDS |
| 11 | 09/15/99 | HAMELIN INDUSTRIES/30490 | $472.62 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 12 | 09/16/99 | HAMELIN INDUSTRIES/30491 | $472.62 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 13 | 09/16/99 | HAMELIN INDUSTRIES/30492 | $472.62 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 14 | 09/16/99 | HAMELIN INDUSTRIES/30494 | $472.62 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 15 | 09/16/99 | HAMELIN INDUSTRIES/30496 | $472.62 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 16 | 11/8/99 | SHANDS HOSPITAL/732421 | $1,198.60 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 17 | 11/8/99 | SHANDS HOSPITAL/732424 | $1,198.60 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 18 | 11/8/99 | SHANDS HOSPITAL/732425 | $1,198.60 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 19 | 11/8/99 | SHANDS HOSPITAL/732426 | $1,198.60 | MEJIA | MEJIA |
| | | | | | RICHARDS |
| 20 | 11/10/99 | SHANDS HOSPITAL/732437 | $898.60 | MEJIA | MEJIA |
| | | | | | RICHARDS |

| Count | Date | Account/Check# | Amount Payee | Defendants |
|-------|------|----------------|--------------|------------|
| 21 | 12/11/98 | ACCURATE EVENT SERVICES/9920 $931.13 VIALVA | | VIALVA |
| | | | | RICHARDS |
| 22 | 12/11/98 | ACCURATE EVENT SERVICES/9921 $954.87 VIALVA | | VIALVA |
| | | | | RICHARDS |
| 23 | 12/11/98 | ACCURATE EVENT SERVICES/9922 $913.55 VIALVA | | VIALVA |
| | | | | RICHARDS |
| 24 | 12/11/98 | ACCURATE EVENT SERVICES/9923 $920.62 VIALVA | | VIALVA |
| | | | | RICHARDS |
| 25 | 12/11/98 | ACCURATE EVENT SERVICES/9926 $948.77 MAXIME | | MAXIME |
| | | | | RICHARDS |
| 26 | 12/23/98 | AmerenUE/861650 | $1,095.00 VIALVA | VIALVA |
| | | | | RICHARDS |
| 27 | 12/23/98 | AmerenUE/861662 | $1,020.00 VIALVA | VIALVA |
| | | | | RICHARDS |
| 28 | 12/23/98 | AmerenUE/861697 | $1,108.00 VIALVA | VIALVA |
| | | | | RICHARDS |
| 29 | 12/23/98 | AmerenUE/861707 | $1,141.00 VIALVA | VIALVA |
| | | | | RICHARDS |
| 30 | 12/23/98 | AmerenUE/861712 | $1,141.00 VIALVA | VIALVA |
| | | | | RICHARDS |
| 31 | 12/23/98 | AmerenUE/861668 | $1,031.00 MAXIME | MAXIME |
| | | | | RICHARDS |
| 32 | 12/23/98 | AmerenUE/861673 | $1,162.00 MAXIME | MAXIME |
| | | | | RICHARDS |
| 33 | 12/23/98 | AmerenUE/861675 | $1,057.00 MAXIME | MAXIME |
| | | | | RICHARDS |

| Count | Date | Account/Check# | Amount | Payee | Defendants |
|-------|------|----------------|--------|-------|------------|
| 34 | 12/23/98 | AmerenUE/861679 | $1,092.00 | MAXIME | MAXIME |
| | | | | | RICHARDS |
| 35 | 12/23/98 | AmerenUE/861685 | $1,118.00 | MAXIME | MAXIME |
| | | | | | RICHARDS |
| 36 | 11/08/99 | FL. PREPAID COLLEGE PROGRAM/358961 | $1,150.40 | SMITH | SMITH |
| | | | | | RICHARDS |
| 37 | 11/08/99 | FL. PREPAID COLLEGE PROGRAM/358962 | $1,150.40 | SMITH | SMITH |
| | | | | | RICHARDS |
| 38 | 11/08/99 | FL. PREPAID COLLEGE PROGRAM/358964 | $1,150.40 | SMITH | SMITH |
| | | | | | RICHARDS |
| 39 | 11/08/99 | FL. PREPAID COLLEGE PROGRAM/358965 | $1,150.40 | SMITH | SMITH |
| | | | | | RICHARDS |
| 40 | 11/08/99 | FL. PREPAID COLLEGE PROGRAM/358966 | $1,265.30 | SMITH | SMITH |
| | | | | | RICHARDS |
| 41 | 10/14/99 | TYSON/568912 | $980.25 | SMITH | SMITH |
| | | | | | RICHARDS |
| 42 | 10/14/99 | TYSON/568914 | $980.25 | SMITH | SMITH |
| | | | | | RICHARDS |
| 43 | 10/15/99 | TYSON/568946 | $1,495.00 | SMITH | SMITH |
| | | | | | RICHARDS |
| 44 | 10/15/99 | TYSON/568964 | $1,495.00 | SMITH | SMITH |
| | | | | | RICHARDS |
| 45 | 08/02/99 | MLK ELEMENTARY/836 | $702.23 | HILL | HILL |
| | | | | | RICHARDS |
| 46 | 08/02/99 | MLK ELEMENTARY/839 | $746.42 | HILL | HILL |
| | | | | | RICHARDS |
| 47 | 08/02/99 | MLK ELEMENTARY/841 | $812.17 | HILL | HILL |
| | | | | | RICHARDS |

8

| Count | Date | Account/Check# | Amount Payee | Defendants |
|-------|------|----------------|--------------|------------|
| 48 | 08/02/99 | MLK ELEMENTARY/843 | $764.58 HILL | HILL |
| | | | | RICHARDS |
| 49 | 09/17/99 | HAMELIN INDUSTRIES/30285 | $450.62 HILL | HILL |
| | | | | RICHARDS |
| 50 | 09/17/99 | HAMELIN INDUSTRIES/30287 | $450.62 HILL | HILL |
| | | | | RICHARDS |
| 51 | 09/20/99 | HAMELIN INDUSTRIES/30296 | $465.62 HILL | HILL |
| | | | | RICHARDS |
| 52 | 09/20/99 | HAMELIN INDUSTRIES/30297 | $465.62 HILL | HILL |
| | | | | RICHARDS |
| 53 | 11/12/99 | NATIONS CREDIT/69522 | $1,230.65 HILL | HILL |
| | | | | RICHARDS |
| 54 | 11/12/99 | NATIONS CREDIT/69523 | $1,230.65 HILL | HILL |
| | | | | RICHARDS |
| 55 | 11/12/99 | NATIONS CREDIT/69525 | $1,230.65 HILL | HILL |
| | | | | RICHARDS |
| 56 | 11/12/99 | NATIONS CREDIT/69528 | $1,198.20 HILL | HILL |
| | | | | RICHARDS |
| 57 | 08/09/99 | FHM INSURANCE CORP/711813 | $962.17 HILL | HILL |
| | | | | RICHARDS |
| 58 | 08/09/99 | FHM INSURANCE CORP/711823 | $1,488.77 HILL | HILL |
| | | | | RICHARDS |
| 59 | 08/11/99 | FHM INSURANCE CORP/711856 | $862.57 HILL | HILL |
| | | | | RICHARDS |
| 60 | 08/11/99 | FHM INSURANCE CORP/711867 | $902.27 HILL | HILL |
| | | | | RICHARDS |

| Count | Date | Account/Check# | Amount Payee | Defendants |
|-------|------|----------------|--------------|------------|
| 61 | 11/08/99 | NATIONS CREDIT/069512 | $1,230.65VERRA | VERRA |
| | | | | RICHARDS |
| 62 | 11/08/99 | NATIONS CREDIT/069515 | $1,230.65VERRA | VERRA |
| | | | | RICHARDS |
| 63 | 11/08/99 | NATIONS CREDIT/069517 | $1,186.755VERRA | VERRA |
| | | | | RICHARDS |
| 64 | 11/08/99 | NATIONS CREDIT/069518 | $1,186.75VERRA | VERRA |
| | | | | RICHARDS |
| 65 | 11/08/99 | NATIONS CREDIT/069521 | $1,186.75VERRA | VERRA |
| | | | | RICHARDS |
| 66 | 10/15/99 | TYSON/568946 | $1,495.00VERRA | VERRA |
| | | | | RICHARDS |

All in violation of Title 18, United States Code, Sections 513(a) and 2.

## FORFEITURE

1.      The allegations contained in Counts 1 through 66 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein, for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2.      As a result of the foregoing offense, the defendant,

### KEN M. RICHARDS,

shall forfeit to the United States all property, real and personal, involved in and constituting and derived from proceeds which the defendant KEN M. RICHARDS obtained directly and indirectly as a result of the aforesaid offense, in violation of Title 18, United States Code, Sections 371 and 1344.

3.      Such forfeiture shall include the following:

10

    a.    $200,023.00 in United States currency, and all interest and proceeds traceable thereto, in that such sum in aggregate is property which was obtained directly and indirectly from the aforesaid offenses.

    b.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with a third party;
>
> (3) has been placed beyond the jurisdiction of the Court; or
>
> (4) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including, but not limited to:

A.    Approximately $21,000.00 in account no. 656-101281-006 in the name of KEN M. RICHARDS, at Morgan Stanley Dean Witter.

B.    Approximately $26,000.00 in account no. 706 608 13 in the name of KEN M. RICHARDS, at First Union National Bank.

C.    Approximately $15,800.00 in account no. 706 705 92 in the name of KEN M. RICHARDS, at First Union National Bank.

D.    1996 Honda Accord LX, VIN # 1HGCD5634TA133974, titled to KEN M. RICHARDS.

11

E.    Approximately $1000.00 in account no. 1050001412345 in the name of KEN M.

RICHARDS, at First Union National Bank.

F.    All that lot or parcel of land, together with its building, improvements, fixtures,

attachments and easements, located at 2642 Sable Palm Drive, Miramar, Florida

33023, and more particularly described as:

Lot 3, Block 131, of Miramar Section 12, according to the Plat
thereof, as recorded in Plat Book 52, Page 4, in the Public Records of
Broward County, Florida.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA          CASE NO. 00-6175-CR-ZLOCH(s)

v.

KEN RICHARDS, *et al.*          **CERTIFICATE OF TRIAL ATTORNEY***

**Court Division:** (Select One)

___ Miami  ___ Key West
_X_ FTL  ___ WPB ___ FTP

**Superseding Case Information:**
New Defendant(s)      Yes _X_      No ___
Number of New Defendants      5
Total number of counts      66

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No) _NO_
    List language and/or dialect      _English_

4.  This case will take _6_ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                  (Check only one)

    | | | | | | |
    |---|---|---|---|---|---|
    | I | 0 to 5 days | | Petty | | |
    | II | 6 to 10 days | _X_ | Minor | | |
    | III | 11 to 20 days | | Misdem. | | |
    | IV | 21 to 60 days | | Felony | _X_ |
    | V | 61 days and over | | | | |

6.  Has this case been previously filed in this District Court? (Yes or No) _No_
    If yes:
    Judge: _____      Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?(Yes or No) _Yes_
    If yes:
    Magistrate Case No. _00-4143-BSS_
    Related Miscellaneous numbers: _00-4705-BSS_
    Defendant(s) in federal custody as of _Richards has been in custody as of June 16, 2000_
    Defendant(s) in state custody as of _____
    Rule 20 from the _____      District of _____

    Is this a potential death penalty case? (Yes or No) _No_

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No If yes, was it pending in the Central Region? ___ Yes ___ No

8.  Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 88171

*Penalty Sheet(s) attached

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: KEN RICHARDS _____   No.: 00-6175-CR-ZLOCH (s) ___

Count # 1:

Conspiracy to commit bank fraud and to make, utter and possess counterfeit securities;
in violation of 18 U.S.C. § § 371, 513(a) & 1344 _____

_____

*Max Penalty: 5 years' imprisonment; $250, 000 fine _____

Counts # 2-66

Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)

_____

*Max Penalty: 10 years' imprisonment; $250, 000 fine _____

Count #:

_____

_____

*Max Penalty: _____

Count #:

_____

_____

*Max Penalty: _____

Count # :

_____

_____

*Max Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET**

Defendant's Name: JUDY MARQUIS       No.: 00-6175-CR-ZLOCH(s)

Count # 1:

Conspiracy to commit bank fraud and to make, utter and possess counterfeit securities;
in violation of 18 U.S.C. § § 371, 513(a) & 1344

*Max Penalty: 5 years' imprisonment; $250, 000 fine

Counts # 2-10

Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)

*Max Penalty: 10 years' imprisonment; $250, 000 fine

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: PEGGY MEJIA _____    No.: 00-6175-CR-ZLOCH (s) _____

Count # 1:

Conspiracy to commit bank fraud and to make, utter and possess counterfeit securities;
in violation of 18 U.S.C. § § 371, 513(a) & 1344 _____

*Max Penalty: 5 years' imprisonment; $250, 000 fine _____

Counts # 11-20

Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)

*Max Penalty: 10 years' imprisonment; $250, 000 fine _____

Count #:

_____

*Max Penalty: _____

Count #:

_____

*Max Penalty: _____

Count # :

_____

*Max Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET**

Defendant's Name: <u>DAVID HILL a/k/a "Miguel Ponce"</u>    No.: <u>00-6175-CR-ZLOCH (s)</u>

Count # 1:

<u>Conspiracy to commit bank fraud and to make, utter and possess counterfeit securities;</u>
<u>in violation of 18 U.S.C. § § 371, 513(a) & 1344</u>


<u>*Max Penalty: 5 years' imprisonment; $250, 000 fine</u>


Counts # 45-60

<u>Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)</u>


<u>*Max Penalty: 10 years' imprisonment; $250, 000 fine</u>


Count #:


<u>*Max Penalty:</u>


Count #:


<u>*Max Penalty:</u>


Count # :


<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: ELIZABETH MAXIME        No.: 00-6175-CR-ZLOCH (s)

Count # 1:

Conspiracy to commit bank fraud and to make, utter and possess counterfeit securities;

in violation of 18 U.S.C. § § 371, 513(a) & 1344

*Max Penalty: 5 years' imprisonment; $250, 000 fine

Counts # 25, 31-35

Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)

*Max Penalty: 10 years' imprisonment; $250, 000 fine

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET**

Defendant's Name: MESCAL SMITH                No.: 00-6175-CR-ZLOCH (s)

Count # 1:

Conspiracy to commit bank fraud and to make, utter and possess counterfeit securities;
in violation of 18 U.S.C. § § 371, 513(a) & 1344

*Max Penalty: 5 years' imprisonment; $250, 000 fine

Counts # 36-44

Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)

*Max Penalty: 10 years' imprisonment; $250, 000 fine

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: KELSA VIALVA        No.: 00-6175-CR-ZLOCH (s)

Count # 1:

Conspiracy to commit bank fraud and to make, utter and possess counterfeit securities;
in violation of 18 U.S.C. § § 371, 513(a) & 1344

\*Max Penalty: 5 years' imprisonment; $250, 000 fine

Counts # 21-30

Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)

\*Max Penalty: 10 years' imprisonment; $250, 000 fine

Count #:


\*Max Penalty:

Count #:


\*Max Penalty:

Count # :


\*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: WALTER VERRA          No.: 00-6175-CR-ZLOCH (s)

Count # 1:

Conspiracy to commit bank fraud and to make, utter and possess counterfeit securities;
in violation of 18 U.S.C. § § 371, 513(a) & 1344

*Max Penalty: 5 years' imprisonment; $250, 000 fine

Counts # 61-66

Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)

*Max Penalty: 10 years' imprisonment; $250, 000 fine

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96