IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 00-6175-CR-ZLOCH

UNITED STATES OF AMERICA,

Plaintiff,

**EX PARTE and UNDER SEAL**

vs.

ELIZABETH MAXIME,

Defendant.

_____/

**NIGHT BOX
FILED**

**DEC - 7 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT ELIZABETH MAXIME'S EX PARTE REQUEST
## FOR EXPENSES IN UNDER $ 1,000.00 FOR INVESTIGATIVE

COMES NOW the Defendant, ELIZABETH MAXIME, by and through undersigned counsel, who pursuant to Title 18 U.S.C.§3006A(e), hereby files this request for approval of expenses under $ 1,000.00. As grounds for this request the Defendant shall state as follows:

1. That on June 22, 2000 an Indictment was rendered charging co-defendants in this matter with, inter alia, conspiracy to commit fraud under Title 18 USC § 371. Subsequently, on August 24th, 2000, there was a superseding indictment which added, another five (5) defendants to this indictment. Among those added was the the Defendant, ELIZABETH MAXIME.

2. That currently the Defendant is preparing for trial in this matter which has



been set to begin on the two-week trial calendar commencing on February 17, 2000.

3. That the Defendant needs to interview a minimum of 5 witnesses. This case involves an alleged fraudulent scheme wherein in the lead defendant, Ken Richards, allegedly recruited other persons to cash counterfeit checks that he had manufactured. Ms. Maxime, worked for Mr. Richards for a certain time period. As a result of this, there are numerous people that need to be contacted by undersigned counsel, through an investigator. Also the investigator is needed in order to obtain documentation in support of Ms. Maxime's defense. These witnesses, upon information and belief have direct knowledge of the issues involved in this matter.

4. That it is crucial to Ms. Maxime's defense that she be able to defend against the allegation that she had "knowledge" of and "intended" to participate in this fraudulent scheme. As such, investigation has been had, by undersigned counsel, and further investigation is needed in terms of the interviewing of the witnesses and also in terms of the acquisition of documentation.

5. That undersigned counsel has endeavored to attempt most of this work on her own, however, counsel cannot interview witnesses without the assistance of an investigator. Also, there are places that need to be photographed, records that need to be acquired, etc.

6. That undersigned counsel wishes to employ the services of Lisa McDermott from McDermott investigations. Counsel has worked with Ms. McDermott in the past. Ms. McDermott is aware of the rates that are allowable under the Criminal Justice Act.

Additionally, undersigned counsel is seeking an amount under the $ 1,000.00 (i.e. $ 999.99) firstly because she believes that this will be sufficient for the work that needs to be done based on what counsel knows at this time. Secondly, counsel wishes to have this matter ruled upon immediately without the need of approval from the Circuit Court. To this end counsel has limited this request to the maximum rate allowable without resorting to the Circuit Court for additional approval.

7. That this is the first request made on behalf of Ms. Maxime. That undersigned counsel has been appointed to represent Ms. Maxime pursuant to the Criminal Justice Act, as such a determination has already been made as to the Defendant's indigence.

## MEMORANDUM OF LAW

The Supreme Court has spoken on the absolute right of an indigent defendant to due process of law:

> This Court has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity present his defense. This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.

Ake v. Oklahoma, 105 S.Ct. 1087 (1985)

The court went on to say that ". . . mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and that a criminal trial is

3

fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense". <u>Ake</u>, supra at 1093. Furthermore, " the State's interest in prevailing at trial-unlike that of a private litigant-is necessarily tempered by its interest in the fair and accurate adjudication of criminal cases". <u>Ake</u>, supra at 1094. The court went on to explain, in the context of Title 18 U.S.C. § 3006A, what due process requires ". . . in subsection (e) of the Criminal Justice Act, . . . Congress has provided that indigent defendants shall receive the assistance of all experts 'necessary for an adequate defense'"<u>Ake</u>, supra 1094.

The Court in <u>Ake</u> and the 11th Circuit in <u>Moore v. Kemp</u>, 809 F.2d 702 (11th Cir. 1987), both spoke to the need on the part of defense counsel to make a "threshold" showing justifying the request for funds.

> ". . .a defendant must demonstrate something more than a mere possibility of assistance from a requested expert; due process does not require the government automatically to provide indigent defendants with expert assistance upon demand. Rather, a fair reading of thee precedents is that a defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial.

<u>Moore v. Kemp</u>, supra at 712.

Moreover, the ABA Standards for Criminal Justice Providing Defense Services (3d ed. 1992) addressed the "The third edition changes recognize the significant growth in defense services over the past decade, as well as the profound changes in interpretation of

4

the constitutional right to counsel and the scope of the criminal sanction, as viewed by the United States Supreme Court." Specifically, Standard 5-1.4 "requires that defenders have the necessary resources for quality representation: 'The legal representation plan should provide for investigatory, expert, and other services necessary to quality legal representation. These should include not only those services and facilities needed for an effective defense at trial but also those that are required for effective defense preparation in every phase of the process. . . '"*Funds for Defense Expertise:* Monahan, Edward C. and Clark, James J.,*What National Benchmarks Require*, Champion, page 12, May 1997.

It is most respectfully suggested that Ms. Maxime has met this burden. In the recitation provided above, the defendant has demonstrated the need for these services and the relevance of these services to the charges in this case.

Finally, that this request is being made Ex Parte pursuant to Section (e) of Title 18 USC §3006A.

WHEREFORE, the defendant, Elizabeth Maxime moves this Honorable Court to enter an Order, Ex parte, Under Seal, approving investigative expenses in this case not to exceed $ 999.00.

I HEREBY CERTIFY that a on _____ day of December, 2000 a copy of this pleading was not furnished to the Government pursuant to Title 18 USC § 3006A(e).

Respectfully submitted,

ANA M. JHONES
Attorney at Law
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, FL 33132
Telephone: (305) 374-4919 Dade
(954) 537-5565 Broward
Fax     : (305) 374-3414 Dade Fax
         (954) 568-1870 Broward Fax

BY: _____
     Florida Bar #771170

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No **00-6175-CR-ZLOCH**

USA

Plaintiff,

vs.

ELIZABETH MAXIME

Defendant.

_____/

DOCKET ENTRY # 187, 188
(to be completed by Clerk of Court)

**NIGHT BOX FILED**

## SEALED FILING COVER SHEET

DEC - 7 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

Party Filing Matter Under Seal:
- Name: ELIZABETH MAXIME
- Address: 9680 W. ELM LANE, MIRAMAR, FL 33025
- Telephone: 954-441-7532
- Facsimile: N/A
- E-mail: N/A

Counsel for Party Filing Matter Under Seal:
- Name: ANA M. JHONES, ESQ.
- Address: 320 BISCAYNE BLVD - SUITE #625, MIAMI, FL 33132
- Telephone: (305) 374-4919
- Facsimile: (305) 374-3414
- E-mail: ANAMJHONES.L@ASN.COM

Date of Filing: 12-7-00

Party has filed a separate Motion to Seal, requesting that the matter remain sealed:
- ___ Until Conclusion of Trial
- ___ Until Conclusion of Direct Appeal
- ✓ Until Case Closing
- ___ Permanently
- ___ Other _____

If permanent sealing is required, specify the authorizing law, court order or court rule: _____

The moving party requests that when the sealing period expires, the filed matter should be (select one):
- ___ unsealed and placed in the public portion of the court file
- ___ destroyed
- ✓ returned to the party or counsel for the party, as identified above

---

### COURT RULING
(to be completed by Clerk based on Court's order)

Ruling on Motion to Seal    ___ Granted    ___ Denied    ___ Other
Date

Matter May Be Unsealed After
    ___ Conclusion of Trial             ___ Conclusion of Direct Appeal
    ___ Case Closing                     ___ Other

Matter is to remain sealed at the authorization of Court Order

```
                              Case Selection
    Dkt type: cr   Case Number: 00-6175      Division: 0    FtLauderdale
    Title :  USA                       .V. Richards




    Filed       Entry Date  Last Update       History ID     Docketed by
    12/7/00      12/8/00     **/**/**         4325866            lh
    +---------------------------------------------------------------+
         SEALED DOCUMENT as to Elizabeth Maxime



         +viewing docket text------------------------------------+
    Transaction: kseal doc -/ -/ - - -

    Command mode (? for commands)
```

Attached to D.E. # /88