IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6175-CR-ZLOCH

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ELIZABETH MAXIME,

Defendant,

_____/

**NIGHT BOX
FILED
FEB 1 3 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL**

# DEFENDANT ELIZABETH MAXIME'S MOTION
# TO COMPEL PRODUCTION OF THE PRE-SENTENCE
# INVESTIGATION REPORTS OF THE GOVERNMENT'S
# GIGLIO/NAPUE WITNESSES

COMES NOW the Defendant, ELIZABETH MAXIME, by and through her undersigned counsel, and hereby moves this Honorable Court to enter an Order requiring the Government and/or the United States Probation Office to produce the PSI's of the witnesses the Government intends to call at trial, and then to disclose any part thereof that may be within the purview of the Court's Standing Discovery Order. In particular, the Defendant would assert as follows:

1. That the government has identified certain witnesses, through their Supplemental Response to the Standing Discovery Order that are cooperating Co-Defendants. Specifically, these witnesses are lead defendant, Ken Richards, and co-


225

Defendant's, Marcos Antonio Tejeda and Patrice Olivier.

2. That the PSI Reports of Defendant's contain references to the <u>Offense conduct</u>, <u>Role Assessment</u>, <u>Adjustment for Obstruction of Justice</u>, <u>Adjustment for Acceptance of Responsibility</u>, <u>Criminal History Computation</u>, <u>Restitution amounts that are applicable</u>, <u>Other Criminal Conduct</u> and the <u>Offense Level Computation</u>, as it relates to each cooperating witness/defendants, individually.

3. That as such, the Government should be required (or the Court can authorize the United States Probation Office to release) to produce said PSI's for the Court's <u>in camera</u> inspection and thereafter have this Court provide to the defense those portions of the PSI's that constitute material discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

4. The Courts have often held that the PSI's of witnesses should be reviewed <u>in camera</u> by the trial court and that those portions of the reports containing <u>Brady</u> material should thereafter be turned over to the defense. See <u>United States v. Jackson</u>, 978 F.2d 903 (5th Cir. 1992), cert denied 113 S.Ct. 2429 (1993) (holding that the defendant has a "right to exculpatory or impeachment material that is contained in [witness] presentence reports" as determined by the district court upon in camera review); <u>United States v. Moore</u>, 949 F.2d 68, 71-72 (2nd Cir. 1991),cert. denied, 112 S.Ct. 1678 (1992) (approving in camera review of presentence report to determine if it contains any exculpatory or impeaching material);

Page 2

United States v. DeVore, 839 F.2d 1330, 1332-1333 (8th Cir. 1988) (certain portions of the PSI which upon review by the court, in camera, are discoverable if they contain exculpatory or impeachment material). See also United States v. Figurski, 545 F.2d 389 (4th Cir. 1976), United States v. Anderson, 724 F.2d 591 (7th Cir. 1984) and United States v. Cyphers, 553 F.2d 1064 (7th Cir) cert. Denied, 434 U.S. 843 (1977). "Because the PSI reports are necessarily confidential, the district court should examine the report in camera and release any exculpatory or impeachment material to the defendant while protecting the confidentiality of the rest of the report". Anderson, supra page 598.

5. That the government has indicated that KEN RICHARDS, MARCOS ANTONIO TEJEDA and PATRICE OLIVIER, may testify in this case. All of these potential government witnesses are co-conspirators in this case, or a related case in this district. In particular, Patrice Oliver was prosecuted in Case No.: 00-6110-CR-Hurley, Marcos Tejeda Case No.: 99-891-CR-Seitz. Ken Richards, the lead defendant is a co-defendant in the case before this Court.

6. That undersigned counsel has left a message on Ms. Mitrani's voice mail requesting her position on this motion. In the interest of time, the motion is being submitted, upon receipt of the Government's position, undersigned counsel shall immediately notify the court, by way of written notification, as to the Government's position.

WHEREFORE, the Defendant, based on the foregoing, most respectfully moves this Honorable Court to enter an Order requiring the Government to produce (and/or

authorizing the US Probation Office to release the PSI), for this court's <u>in camera</u> review, the PSI's of the witnesses it intends to call to trial.

    I HEREBY CERTIFY that a copy of the foregoing was furnished, by mail, to all counsel on the attached sheet, this _12th_ day of February, 2001.

        Respectfully submitted,

        ANA M. JHONES
        Attorney at Law
        Bayside Plaza Suite 625
        330 Biscayne Boulevard
        Miami, FL 33132
        (305) 374-4919-Dade
        Fax: (305) 374-3414

        BY: _____
         Florida Bar #771170

authorizing the US Probation Office to release the PSI), for this court's in camera review, the PSI's of the witnesses it intends to call to trial.

I HEREBY CERTIFY that a copy of the foregoing was furnished, by mail, to Bertha Mitrani, AUSA, 500 East Broward Boulevard, Suite 625, Fort Lauderdale, FL 33394 on this _____ day of February, 2001.

Respectfully submitted,

ANA M. JHONES
Attorney at Law
Bayside Plaza Suite 625
330 Biscayne Boulevard
Miami, FL 33132
(305) 374-4919-Dade
Fax: (305) 374-3414

BY: _____
Florida Bar #771170